# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICKY JONES,

    Plaintiff,

    v.                                                                       Case No. 11-CV-1020

DAVID A. CLARKE, JR,
DEPUTY INSPECTOR NYKLEWICZ,
C.O. HANNAH, C.O. TRIGGS,
C.O. HERMANN, C.O. TAYLOR,
C.O. KUNDA, CAPTAIN HERNANDEZ,
LT. DOBBS, VILLAGE OF FRANKLIN,
CITY OF GREENFIELD,
and CITY OF MILWAUKEE,

    Defendants.

## DECISION AND ORDER

The plaintiff has brought a motion for leave to proceed in forma pauperis (Docket # 2), but has not submitted a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint as required by 28 U.S.C. § 1915(a)(2). Without the prison trust account statement, the court is unable to calculate the required initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Therefore, the plaintiff shall submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint on or before **Friday, February 17, 2012.**

If the plaintiff fails to submit this trust account statement by that date, his motion for leave to proceed in forma pauperis will be denied. If the plaintiff is having difficulty obtaining a certified copy of his six-month prison trust account statement, he shall bring this

order to the attention of the business office of his correctional facility and the correctional officials shall provide the required certified records in accordance with the Prison Litigation Reform Act (PLRA), and this order. See 28 U.S.C. § 1915(a)(2).

Once the plaintiff files his trust account statement and the initial partial fling fee has been properly calculated and paid or waived, the court will screen the plaintiff's complaint as required by 28 U.S.C. § 1915A. If the court determines that the plaintiff has stated a cognizable claim for relief, the court will order service of the complaint and direct the defendants to file an answer at that time. See Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) ("Prisoners' complaints are reviewed under 28 U.S.C. § 1915A and not filed (nor are the defendants notified and served with process) until the district judge finds that they pass the statutory screen.").

Although this action is not ready to be screened under 28 U.S.C. § 1915A because the required trust account statements have not been received, the plaintiff and defendants have filed several motions in this matter. The plaintiff has filed a motion to join claims and add parties (Docket #8), a motion to amend/correct the complaint (Docket. #9), a motion for a temporary restraining order and preliminary injunction (Docket #11) and a motion to supplement the pleadings. (Docket #15). The defendants have answered the complaint, objecting that the plaintiff improperly served them prior to screening. They also have filed a motion to strike the plaintiff's motion to join claims and amend his complaint and a motion to strike his motion for a temporary restraining order. (Docket #10 and #14, respectively).

In seeking injunctive relief, the plaintiff maintains that the defendants have arbitrarily prevented him from obtaining physical and mental health treatment offered by the Department of Veterans Affairs while he is serving a Huber sentence that permits him to

go to the Veterans Administration (VA) Hospital for treatment. To obtain injunctive relief, a party "must demonstrate that he is reasonably likely to succeed on the merits, that he is experiencing irreparable harm that exceeds any harm his opponent will suffer if the injunction issues, that he lacks an adequate remedy at law, and that the injunction would not harm the public interest." Coronado v. Valleyview Pub. Sch. Dist. 365-U, 537 F.3d 791, 794-95 (7th Cir. 2008). At this point, the plaintiff's complaint has not been screened, nor has any filing fee been paid or waived. Therefore the plaintiff's motion for a preliminary injunction and temporary restraining order is premature and will be denied.

The plaintiff's motions to join claims and add parties, to amend/correct the complaint and to supplement the pleadings are premature and also will be denied. As stated, until the preliminary procedural requirements of the PLRA and 28 U.S.C. §1915 have been met, this case cannot proceed. Moreover, an amended complaint must stand independently, without incorporating any previous pleadings. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In Duda, the appellate court emphasized that the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." Id. at 1057. The proposed amendments/additions/supplements to the complaint violate this rule.

The defendants' answer to the complaint is premature as are their motions to strike the plaintiff's motions. Therefore, the defendants' motions to strike will be denied.

The plaintiff and the defendants should not file any additional motions until the plaintiff has provided a certified copy of his six-month prison trust account statement, the initial partial filing fee has been calculated and paid or waived and the complaint has been screened by the court.

Finally, the plaintiff is directed to complete and submit the magistrate judge consent form, indicating either his consent or non-consent to magistrate judge jurisdiction in this matter. (copy enclosed). The plaintiff must file his consent form by **Friday, February 17, 2012**.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff shall submit a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint on or before **Friday, February 17, 2012.** Failure to submit the trust account statement by that date will result in the denial of the plaintiff's motion for leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that the plaintiff shall complete and submit the magistrate judge consent form, indicating either his consent or non-consent to magistrate judge jurisdiction in this matter, on or before **Friday, February 17, 2012.**

**IT IS FURTHER ORDERED** that the plaintiff's motions to join claims and add parties be and hereby is **denied**. (Docket #8).

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend/correct the complaint be and hereby is **denied**. (Docket #9).

**IT IS ALSO ORDERED** that the plaintiff's motion for a temporary restraining order and preliminary injunction be and hereby is **denied**. (Docket #11).

**IT IS ALSO ORDERED** that the plaintiff's motion to supplement the pleadings be and hereby is **denied**. (Docket #15).

**IT IS FURTHER ORDERED** that the defendants' motion to strike the plaintiff's

motion to join claims and to amend his complaint be and hereby is **denied as moot**. (Docket #10).

**IT IS ALSO ORDERED** that the defendants' motion to strike the plaintiff's motion for a temporary restraining order be and hereby is **denied as moot**. (Docket #14).

Dated at Milwaukee, Wisconsin this 30th day of January, 2012.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

    Plaintiff(s),

v.                                      Case No.

    Defendant(s).

CONSENT TO PROCEED BEFORE A U.S. MAGISTRATE JUDGE

In accordance with 28 U.S.C. §636(c) and Rule 73(b) of the Federal Rules of Civil Procedure, the undersigned counsel of record (or pro se litigant) consents to have _____ conduct all proceedings in this case, including a bench or jury trial, and order the entry of final judgment.

Signed and dated this _____ day of _____,\_\_\_\_.

_____      _____
Attorney for plaintiff (plaintiff pro se)      Attorney for defendant (defendant pro se)

**MAGISTRATE JUDGES DO NOT CONDUCT TRIALS IN FELONY CASES. ACCORDINGLY, IF THE PARTIES CONSENT TO THE EXERCISE OF JURISDICTION BY THE MAGISTRATE JUDGE, MAJOR CRIMINAL CASES WILL NOT INTERFERE WITH ITS SCHEDULING AND PROCESSING.**

REFUSAL TO CONSENT TO PROCEED BEFORE A U.S. MAGISTRATE JUDGE

In the event you are unwilling to consent, sign below.

Signed and dated this _____ day of _____, \_\_\_\_.

_____      _____
Attorney for plaintiff (plaintiff pro se)      Attorney for defendant (defendant pro se)

PLEASE SEE THE ORDER ON THE REVERSE SIDE FOR FURTHER INFORMATION.
THIS FORM SHALL BE FILED WITH THE CLERK OF COURT WITHIN **TWENTY-ONE (21) DAYS** FROM ITS RECEIPT.

ASSIGNMENT OF CIVIL CASES
EASTERN DISTRICT OF WISCONSIN

At the time a new civil action is filed, it is assigned by random selection to either a district judge or a magistrate judge in accordance with the local rules. Pursuant to the provisions of 28 U.S.C. §636(c) and Rule 73 of the Federal Rules of Civil Procedure, a United States Magistrate Judge may, with the consent of the parties, conduct all proceedings in this civil action, including a bench or jury trial and order the entry of judgment. The statute provides for direct appeal to the U.S. Court of Appeals for the Seventh Circuit.

Once the assigned district or magistrate judge has been selected, the local rules of this district require that each party to the action receive a copy of the "consent form." Each party shall complete the form and return it to the Clerk of Court **within 21 days** after its receipt.

If this case has been randomly assigned to a **district judge** and all parties consent to have the magistrate judge conduct all proceedings in the case, the district judge may enter an order transferring the case to the magistrate judge.

If this case has been randomly assigned to a **magistrate judge** and not all parties consent, then the case will be reassigned by random selection to a district judge. If all parties consent, the magistrate judge will conduct all proceedings in the action.

While the decision to consent or not to consent to the exercise of jurisdiction by the magistrate judge is entirely voluntary, the duty to respond to this order is **mandatory.** Your response shall be made to the Clerk of Court only on the form on the reverse side of this notice.

**IT IS THEREFORE ORDERED,** that you complete this form and file with the Clerk of Court within **twenty-one (21) days** from receipt.

UNITED STATES DISTRICT COURT


s/Charles N. Clevert
Honorable Charles N. Clevert,
Chief Judge