UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICKY JONES,

        Plaintiff,

v.                                                         Case No. 11-CV-1020

DAVID A. CLARKE, JR,
DEPUTY INSPECTOR NYKLEWICZ,
C.O. HANNAH, C.O. TRIGGS,
C.O. HERMANN, C.O. TAYLOR,
C.O. KUNDA, CAPTAIN HERNANDEZ,
LT. DOBBS, VILLAGE OF FRANKLIN,
CITY OF GREENFIELD, and CITY OF MILWAUKEE,

        Defendants.

DECISION AND ORDER DENYING MOTIONS FOR LEAVE TO PROCEED
IN FORMA PAUPERIS (DOC. 3 AND DOC. 23) UNLESS A TRUST ACCOUNT
STATEMENT IS FILED BY MONDAY, JUNE 11, 2012

     Defendants maintain that this case should be dismissed because plaintiff has not filed a certified copy of his trust account statement, which is required by 28 U.S.C. § 1915(a)(2) in order for plaintiff to proceed in forma pauperis in this action. In an April 23, 2012, filing, defendants assert, "Mr. Jones has not provided any evidence that he attempted to obtain a certified copy of his Trust Account Statement and who denied him access." (Defendants' Response, Doc. 24 at 2). However, the defendants are mistaken.

     A review of the docket discloses that plaintiff has made attempts to obtain his trust account statement, as confirmed by a February 6, 2012, letter to plaintiff from one of the defendants, Captain Hernandez. That letter states:

Inmate Jones,

Your request to obtain a certified copy of a six-month prison trust account statement has been brought to the attention of the inmate accounts area.

> This is due to the fact that correctional staff does not have access to the type of information you have requested.
>
> The inmate accounts section has instructed me to advise you that because the information you have requested is concerning a legal matter that it must be obtained from open records.

(Doc. 18 at 2). The letter goes on to provide a mailing address for the open records division of the Milwaukee County Sheriff's Office, without any additional guidance. The docket also reflects a copy of a letter from defendants' attorney to plaintiff dated April 18, 2012. That letter states:

> Dear Mr. Jones:
>
> During our telephone conversation earlier this week, you stated that I am required to take action pursuant to Judge Clevert's April 9, 2012 Order (document 21). I disagree. That order requires that you file a certified copy of your prison trust account for the six-month period immediately preceding the filing of the complaint and that the trust account statement shall be provided by correctional staff upon your request in accordance with the Prison Litigation Reform Act (PLRA) and the Order. See 28 U.S.C. § 1915(a)(2). I believe this order is self-explanatory. I do not have your certified trust account statement. Please read the relevant statutory section and proceed accordingly.

(Doc. 22).

Thus, the record reflects that plaintiff has attempted, over several months, to obtain a certified copy of his six-month prison trust account statement from correctional officials and from the Milwaukee County Office of Corporation Counsel. His attempts have been rebuffed by unspecified officials in the inmate accounts area, by Captain Hernandez, and by Principal Assistant Corporation Counsel Molly J. Zillig. It is inexplicable that defendants' attorney would assert that plaintiff has not provided any evidence of his efforts to obtain a certified copy of his six-month prison trust account statement, inasmuch as it appears that she was one of the persons who declined to assist him in obtaining that document.

2

Further, it is noted that defense counsel's April 23, 2012, filing reflects that she provided the following guidance for the plaintiff:

> Upon information and belief, on the ground level of the Milwaukee County Correctional Facility-Central ("the jail"), there is a group of windows and one is for open records requests. At the open records window they have forms that if he filled out, would allow him to obtain the printout of his Prison Trust Account Statement. Upon Information and belief, there may be a fee involved.

(Doc. 24 at 2). It does not appear that this information was provided to plaintiff previously, nor is it clear what fee may be required. Regardless, it would be inappropriate to expect an indigent litigant to pay an additional fee to demonstrate his indigence, or to permit defendants to prevent plaintiff from proceeding in this action by withholding the statutorily required copy of his trust account statement. Therefore,

IT IS ORDERED that plaintiff is given additional time to obtain a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint.

IT IS FURTHER ORDERED that, upon proper request by plaintiff, the Milwaukee County Sheriff or his designee shall provide a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of his complaint on November 3, 2011, pursuant to 28 U.S.C. § 1915(a)(2) and this order.

IT IS FURTHER ORDERED that the Milwaukee County Sheriff shall not withhold from the plaintiff the certified prison trust account copy because of his inability to pay any fee that would be payable otherwise.

IT IS FURTHER ORDERED that plaintiff's motions for leave to proceed in forma pauperis (Doc. 3 and 23) will be DENIED effective Monday, June 11, 2012, unless prior to

that date a prison trust account statement is filed or plaintiff has shown the court in writing his efforts to obtain his prison trust account statement.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge